UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,<br><br>       Plaintiff,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>       Defendant. | Civil Case No. 20-cv-00675-KBJ |

**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65(a) and Local Rule 65.1, Plaintiff American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") moves for a preliminary injunction enjoining the National Labor Relations Board ("NLRB") from enforcing its final rule, Representation – Case Procedures, 84 Fed. Reg. 69,524 (Dec. 18, 2019) (hereafter, the "2019 election rule"). Pursuant to Local Rule 65.1(d), Plaintiff requests a hearing no later than 21 days after the filing of this motion, as the final rule that is the subject of this motion is scheduled to take effect on April 16, 2020.

In support thereof, Plaintiff AFL-CIO states as follows:

1. As described in detail in the accompanying Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction, Plaintiff meets each of the four factors required for a preliminary injunction to issue: (a) a substantial likelihood of success on the merits; (b) irreparable harm to the Plaintiff; (c) no substantial harm to Defendant; and (d) the public

1

interest favors an injunction. *See Davis v. PBGC*, 571 F.3d 1288, 1291 (D.C. Cir. 2009) (setting forth preliminary injunction factors).

2. Plaintiff is likely to succeed on the merits for three separate reasons: (a) the NLRB violated the Administrative Procedure Act (APA), 5 U.S.C. § 500 *et seq.*, by issuing the 2019 election rule without the required notice and comment; (b) the rule is arbitrary and capricious; and (c) the rule is inconsistent with the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.*

3. The NLRB was required by the APA to provide notice and an opportunity for comment before issuing the 2019 election rule because the rule has significant substantive effects on the parties regulated by the rule and, therefore, does not fall within the narrow exception for "rules of agency organization, procedure, or practice." 5 U.S.C. § 553. Specifically, the rule alters the standard a party must meet to obtain an election under the NLRA, provides parties with a right to an opinion on the status of individual employees before an election, changes the critical campaign period before the election, delays the petitioning party's access to a voter eligibility list, amends the eligibility rule for who may serve as an election observer, and deprives the party who wins an election of the right to immediate certification of that election result.

4. If the Court agrees with Plaintiff that the NLRB was required by the APA to engage in notice-and-comment rulemaking before issuing the 2019 election rule, that finding is sufficient to show a likelihood of success on the merits, and the Court need not reach the additional reasons Plaintiff is likely to succeed on the merits.

5. That said, Plaintiff is also likely to succeed on the merits on the basis that the 2019 election rule is arbitrary and capricious under the APA, 5 U.S.C. § 706(2)(A). The rule is arbitrary and capricious because, *inter alia*, the NLRB in 2017 issued a Request for Information

about the functioning of the current election rule, received 7,000 public comments in return, and

then refused to consider the comments it solicited when issuing the 2019 election rule.

6. Finally, Plaintiff is likely to succeed on the merits because the rule is, in several

respects, contrary to the NLRA and thus the NLRB has acted in excess of its statutory authority

in violation of the APA. 5 U.S.C. § 706(2)(C). The 2019 election rule substitutes Congress'

judgment, expressed in the text of the NLRA, that any stay of a regional director's actions with

respect to representation proceedings must be considered on a case-by-case basis, with a series of

categorical stays that are triggered regardless of whether the facts of the particular case justify a

stay.

7. Plaintiff will suffer irreparable harm if the 2019 election rule takes effect because the

time between when AFL-CIO affiliated unions file election petitions and the elections that

follow will be extended as a result of the rule, putting a halt to employees' organizing

momentum and making it less likely that employees will obtain union representation in those

elections. Moreover, in those instances where employees do vote in favor of union

representation, the rule will delay the counting of ballots and the certification of results, thereby

postponing the commencement of collective bargaining and, in some cases, preventing the union

from achieving a collective bargaining agreement at all.

8. Enjoining the 2019 election rule will cause no substantial harm to the NLRB because a

preliminary injunction will simply require the NLRB to continue to apply its current election rule

during the pendency of this litigation. In promulgating the 2019 election rule, the Board did not

claim that the current election rule is causing substantial harm, instead casting the new rule as

containing only "refinements that the Board believes will further clarify and improve

representation case procedures." 84 Fed. Reg. at 69,524.

9.  The public interest weighs strongly in favor of injunctive relief in this case because the NLRB, by issuing the 2019 election rule without following the required notice-and-comment procedure, has prevented the public from providing input into the rulemaking process in contradiction to the basic policy of the APA.

WHEREFORE, Plaintiff AFL-CIO respectfully requests that this Court grant its motion for a preliminary injunction.

Dated: March 9, 2020                         Respectfully Submitted,

/s/ Leon Dayan_____
Leon Dayan (D.C. Bar No. 444144)
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, NW, Ste. 1000
Washington, D.C. 20005
Phone: (202)-842-2600
E-mail: ldayan@bredhoff.com

James B. Coppess (D.C. Bar No. 347427)
Matthew J. Ginsburg (D.C. Bar No. 1001159)
 (application for admission pending)
Maneesh Sharma (D.C. Bar No. 1033407)
 (application for admission pending)
AFL-CIO Legal Department
815 16th Street, NW
Washington, DC 20006
Phone: (202)-637-5337
E-mail: mginsburg@aflcio.org

*Counsel for Plaintiffs*