**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 20-cv-0675 (KBJ) |
| NATIONAL LABOR RELATIONS BOARD, | ) ) ) ) | |
| Defendant. | ) ) | |

# ORDER

In the instant action, the American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") challenges a rule that the National Labor Relations Board ("NLRB") has promulgated concerning procedures related to the election of union representatives in the collective bargaining context—a rule that is scheduled to take effect on May 31, 2020. Before this Court at present are the NLRB's Motion for Transfer to Cure Want of Jurisdiction (*see* ECF No. 15), and both parties' Cross-Motions for Summary Judgment in this matter (*see* ECF Nos. 22, 23). This Court held a telephonic hearing on the parties' motions on May 14, 2020, and pledged expeditious resolution of these motions in light of the rule's effective date.

Upon consideration of both the arguments made during the hearing and the additional memoranda of law that each party has submitted with respect to these motions (*see* ECF Nos. 20, 26, 28, 29), the Court has reached the following conclusions, which will be set forth in a Memorandum Opinion to be issued soon,

absent unforeseen circumstances.  This Court finds that, under section 1331 of Title 28 of the United States Code, district courts have subject-matter jurisdiction over Administrative Procedure Act ("APA") challenges to rules governing the election of union representatives, notwithstanding the direct-review provision at section 160(f) of Title 29 of the United States Code.  The Court further finds that the challenged portions of the regulation at issue are not procedural rules that are exempted from the notice-and-comment rulemaking requirements of the APA, *see* 5 U.S.C. § 553(b)(3)(A), and because each of these specific provisions was promulgated without notice-and-comment rulemaking, each one must be held unlawful and set aside, *see id.* § 706(2).  This Court will not vacate the remainder of the rule, however; instead, this matter will be remanded to the NLRB for reconsideration in light of this Court's ruling.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Cross-Motion for Summary Judgment (ECF No. 23) is **GRANTED**, and judgment is entered in Plaintiff's favor with respect to Count One of the Complaint.  It is

**FURTHER ORDERED** that Defendant's Motion for Transfer (ECF No. 15) and Cross-Motion for Summary Judgment (ECF No. 22) are **DENIED**.

This Order shall not be deemed a final Order subject to appeal until the Court has issued its Memorandum Opinion.  *Cf. St. Marks Place Hous. Co. v. Dep't of Hous. & Urban Dev.*, 610 F.3d 75, 80–82 (D.C. Cir. 2010).

DATE:  May 30, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge