UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>    Defendant. | Civil Case No. 20-cv-00675-KBJ |

**PLAINTIFF'S MOTION FOR CLARIFICATION**

Plaintiff American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") moves for clarification of the Court's recent Order granting Plaintiff summary judgment in this case. *See generally United States v. Philip Morris USA Inc.,* 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (explaining that, while "there is no Federal Rule of Civil Procedure specifically governing 'motions for clarification,'" federal courts frequently will "rule[] on a motion for clarification without resort to [Federal Rule of Civil Procedure] standards"). *See also Potter v. District of Columbia,* 382 F. Supp. 2d 35, 42 (D.D.C.2005) (example of such a ruling).

In compliance with Local Rule 7(m), Counsel for Plaintiff conferred with counsel for Defendant National Labor Relations Board (NLRB) on the morning of June 3, 2020, to discuss this motion. Defendant NLRB states that it opposes the motion and plans to file a written response.

In support of this motion, Plaintiff AFL-CIO states as follows:

1

1. On May 30, 2020, this Court issued an Order granting Plaintiff's motion for summary judgment and entering judgment in Plaintiff's favor with respect to Count One of its Complaint and denying Defendant NLRB's cross-motion for summary judgment and motion to transfer. Order, ECF No. 34. The Court stated that a Memorandum Opinion explaining the Court's Order would issue soon and that the Court's Order shall not be deemed a final order subject to appeal until the Court has issued its Memorandum Opinion. Order at 2.

2. On the merits, the Court briefly explained that:

> the challenged portions of the regulation at issue are not procedural rules that are exempted from the notice and-comment rulemaking requirements of the APA, *see* 5 U.S.C. § 553(b)(3)(A), and because each of these specific provisions was promulgated without notice-and-comment rulemaking, each one must be held unlawful and set aside, *see id.* § 706(2).

*Id.* The Court further stated that it "will not vacate the remainder of the rule, however; instead, this matter will be remanded to the NLRB for reconsideration in light of this Court's ruling." *Id.*

3. Since issuance of the Court's Order, Defendant NLRB has acted in a manner that indicates it has fundamentally misconstrued that Order. On June 1, 2020, the first business day after the Court's Order, Defendant issued a press release titled, "NLRB to Implement All Election Rule Changes Unaffected by Court Ruling," in which it stated that "[t]he National Labor Relations Board today announced that it will implement in full all of the rule changes unaffected by the recent U.S. District Court order." NLRB Press Release, attached as Exhibit A. The Board explained that:

> [w]hile the Court's order prevents the Board from implementing five provisions of the December 2019 amendments, the Court did not vacate the majority of the rule. Accordingly, *pursuant to the Court's order*, the Board has directed the amendments unaffected by the Court's order to remain in place as of yesterday's effective date, consistent with the National Labor Relations Act and the Administrative Procedure Act.

*Id.* (emphasis added).  The press release also states that "[t]he [NLRB] General Counsel has issued a guidance memorandum regarding implementation of the rule," *id.*, and provides a hyperlink to that guidance.  *See* NLRB General Counsel memorandum, attached as Exhibit B.

    4.  Also on June 1, several NLRB regional offices sent out training materials on the Rule to stakeholders, including union lawyers, stating that, "[s]ince most of the Rule survived the lawsuit, we are proceeding with implementation of the surviving portions of the Rule."  *See*, *e.g.*, e-mail from Acting Regional Director, NLRB Region 20 to stakeholders, dated June 1, 2020, attached as Exhibit C.

    5.  Defendant NLRB has not publicly indicated that it has engaged in any reconsideration of the Rule between the time of the Court's decision and the Board's issuance of its June 1 press release.  The Board has not issued any statement of reasons as to why any, let alone all, of the provisions constituting "the remainder of the rule" have a justification independent of their connection to the five vacated provisions. And, the Board has not issued the requisite Sunshine Act notice providing advance notice of its intention to meet regarding the Rule, 5 U.S.C. § 552b, 29 C.F.R. §§ 102.37-102.142, nor has the Board issued any new Federal Register notice regarding the Rule, 5 U.S.C. § 552(a)(1), or any formal order of any type.  However, in the Local Rule 7(m) conference, counsel for the NLRB stated that the Board voted on Monday, June 1 to proceed with the implementation of those portions of the Rule that were not vacated by the Court's Order.  Counsel for Plaintiff requested a copy of the minute reflecting that vote, and counsel for the NLRB provided a copy at 4:28 p.m. this afternoon.  That document states, in full, that, "[u]pon a review of the court's order, and in light of its previous finding that the amendments are severable, 84 Fed. Reg. 69525 fn.5, the Board (Chairman Ring and Members Kaplan and Emanuel) today voted unanimously to implement the remaining provisions of the

final rule that were unaffected by the judge's order." Minute of Board Action, attached as Exhibit D.

    6. Count One of Plaintiff's Complaint alleged that the NLRB's "promulgation of the 2019 election rule, in whole and in part, did not fall into any of the exceptions to the APA's requirement of notice and comment" and, therefore, "[t]he Board's promulgation of the 2019 election rule without notice and comment violated the APA and was without observance of procedure required by law under 5 U.S.C. § 706(2)(D)." Complaint ¶¶ 49-50, ECF No. 1.

    7. In its brief in support of summary judgment, and at the May 14, 2020 hearing in this case, Plaintiff stated that:

> [i]f the Court agrees with Plaintiff's primary claim that the NLRB promulgated the 2019 election rule in violation of the APA's notice-and-comment requirement, the Court may grant summary judgment and remand the rule to the Board without reaching Plaintiff's alternative grounds for invalidating the rule. That would require the Board to provide notice and receive comments, which, if given due consideration, would be apt to cure the substantive deficiencies in the rule.

Pl's Memo. at 2, ECF No. 23-1.

    8. Plaintiff's Complaint and summary judgment brief also made clear that, if the Court did not agree with Plaintiff's primary claim in Count One of its Complaint that the NLRB promulgated the Rule in violation of the APA's notice-and-comment requirement, the Rule is invalid for the additional reasons that the Rule as a whole is arbitrary and capricious (Count Two), individual components of the Rule are arbitrary and capricious (Count Three), and individual components of the Rule are inconsistent with Section 3(b) of the National Labor Relations Act (Count Four). Complaint ¶¶ 51-81; Pl's Memo. 29-45.

    9. In its cross-motion for summary judgment, Defendant NLRB contended that "even if AFL-CIO's challenges to the provisions it alleges to be substantive succeed, the remainder of the

2019 amendment is severable." Def's Memo. 43, ECF No. 22-1 (bold and capitalization omitted).

10. Because the Court granted summary judgment to Plaintiff on Count One of the Complaint, denied summary judgment to Defendant NLRB, and "remand[ed] to the NLRB for reconsideration in light of this Court's ruling," Plaintiff submits that the only reading of the Court's Order consistent with those actions is that the Order requires the NLRB to meet and, with the knowledge that the certain specified provisions in the Rule are invalid for lack of notice, take the following steps: *first*, reconsider the various provisions that form the remainder of the Rule; *second*, if it finds any aspect of the Rule to have a justification independent of its relationship to the invalid provisions, to so state with an explanation of the agency's reasons; and *third*, provide affected parties with notice of that decision and of the Board's reasoning in a manner consistent with the Administrative Procedure Act (APA). If the Order is interpreted to permit the Board merely to declare victory and put into immediate effect all of the provisions constituting the remainder of the Rule, that would be tantamount to interpreting it as having agreed with the NLRB on severability and *granted* the NLRB's cross-motion for summary judgment as to Plaintiff's Counts Two, Three, and Four rather than as having *denied* the motion as to those counts. It would also be tantamount to an Order rejecting on the merits the AFL-CIO's challenge to those provisions in the remainder of the Rule that were not challenged on notice-and-comment grounds, including, for example, the provision requiring impoundment of ballots. The Court did not reach those issues because they were potentially rendered moot by the directive to the Board to reconsider all aspects of the remainder of the Rule.

11. By announcing, without awaiting the Court's Memorandum Opinion, that it will "implement the remaining provisions of the final rule that were unaffected by the judge's order,"

Minute of Board Action, Exhibit D, Defendant NLRB both fundamentally misconstrues this Court's Order and acts in an irresponsibly precipitous manner.  The Court's Order requires the Board to "reconsider" all aspects of the Rule "in light of this Court's ruling."  Order at 2.  There are, therefore, no aspects of the Rule "unaffected by the . . . order."  The minute of the NLRB's vote recites simply that the Board met and decided to rely on its pre-litigation conclusory declaration of severability set out in the preamble to the Rule.  But the Court's Order necessarily contemplated deliberation beyond a simple reference back to that conclusory declaration, since, if that were sufficient, the Court would not have remanded for "reconsideration" in light of the Court's ruling on the vacated portions of the Rule and would have instead simply adopted the Board's severability argument.  The minute of the NLRB's vote does not contain any rationale that reflects that any consideration was given to the connection between the specific portions of the Rule that the Court struck down and the specific portions that the Court reserved judgment on pending the Board's reconsideration.  Let alone does the minute offer any explanation as to why any aspect of the Rule that the Board wishes to implement has a justification independent of its connection to the provisions of the Rule that were vacated for lack of notice and comment.  In any event, it surely behooves the agency to await the Court's Memorandum Opinion and take heed of the Court's specific rulings on the matters at issue in this case before taking any affirmative action to implement the remainder of the Rule.  Reasoned decision-making demands at least that much.

      WHEREFORE, Plaintiff respectfully requests that this Court clarify that its Order: (1) remands the entire Rule to the NLRB and that the Board may not implement any aspect of the Rule without, at a minimum, meeting, deliberating, providing a statement of reasons as to why any aspect of the Rule that the Board may wish to implement has a justification independent of

its connection to the provisions of the Rule that were vacated for lack of notice and comment, and providing affected parties with notice of that decision and of the Board's reasoning in a manner consistent with the APA; and (2) does not reach, but reserves, all challenges to any aspects of the Rule that the Board decides should be implemented.

Dated: June 3, 2020                                         Respectfully Submitted,

/s/ Leon Dayan
Leon Dayan (D.C. Bar No. 444144)
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, NW, Ste. 1000
Washington, D.C. 20005
Phone: (202)-842-2600
E-mail: ldayan@bredhoff.com

James B. Coppess (D.C. Bar No. 347427)
Matthew J. Ginsburg (D.C. Bar No. 1001159)
Maneesh Sharma (D.C. Bar No. 1033407)
 (application for admission pending)
AFL-CIO Legal Department
815 16th Street, NW
Washington, DC 20006
Phone: (202)-637-5337
E-mail: jcoppess@aflcio.org
E-mail: mginsburg@aflcio.org
Email: msharma@aflcio.org

*Counsel for Plaintiffs*